

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

AMERICAN GENERAL LIFE INSURANCE COMPANY,

                    Plaintiff,

-against-

AURORA ISRAEL, THE ISRAEL FAMILY LIFE INSURANCE TRUST, ESTHER ISRAEL, Individually and as Original Trustee for THE ISRAEL FAMILY LIFE INSURANCE TRUST, MENAHEM PERETS, Individually and as Successor Trustee for THE ISRAEL FAMILY LIFE INSURANCE TRUST, BISYS INSURANCE SERVICES, INC., MAYER SIMON, MARC GELBTUCH, MOISE SWARTZ, and GEMACH KEREN HILLEL,

                    Defendants.
-------------------------------------------------------------x

**08 CIV. 2971**

**Complaint**

**Jury Trial Requested**

**JUDGE KARAS**

## AMERICAN GENERAL LIFE INSURANCE COMPANY'S ORIGINAL COMPLAINT

Plaintiff American General Life Insurance Company ("American General"), for its complaint against Defendants Aurora Israel, the Israel Family Life Insurance Trust, Esther Israel, Individually and as Original Trustee for The Israel Family Life Insurance Trust, Bisys Insurance Services, Inc., Mayer Simon, Mark Gelbtuch, Moise Swartz and Gemach Keren Hillel, states and alleges as follows:

### The Parties

1. Plaintiff, American General Life Insurance Company ("American General"), is a Texas corporation with its principal place of business at 2727-A Allen Parkway, Houston, Texas, 77019.

2. On information and belief, defendant Aurora Israel is a New York domiciliary with a residence address of 5 Edwin Lane, Monsey, New York 10952.

1930045.1

3. On information and belief, defendant Esther Israel and Moise Swartz are New Jersey domiciliaries with a residence address of 3725 Tonnelle Avenue, North Bergen, NJ 07047.

4. On information and belief, defendant Menahem Perets is a New York domiciliary with a residence address of 1140 50th Street, Brooklyn, NY 11219.

5. On information and belief, defendant Bisys Insurance Services, Inc. is a Roseland, New Jersey Corporation with offices at 585 Stewart Avenue, Suite LL-36, Garden City, NY 11530.

6. On information and belief, defendant Mayer Simon is a New York domiciliary with a business address at Bisys Insurance Services, Inc., 585 Stewart Avenue, Suite LL-36, Garden City, NY 11530.

7. On information and belief, defendant Marc Gelbtuch is a New York domiciliary with a residence address at 2115 59th Street, Brooklyn, New York 11204.

8. On information and belief, Gemach Keren Hillel is a New York domiciliary with a post office box at PO Box 719, Monroe, New York 10950.

## Jurisdiction and Venue

9. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because (a) plaintiffs and defendants are completely diverse as plaintiffs are citizens of the State of Texas and defendants are citizens of the States of New York and New Jersey; and (b) the amount in controversy is greater than $75,000.

10. Venue is proper in this court under 28 U.S.C. § 1391(a) because defendants reside in this judicial district and/or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## Jury Trial

11. Pursuant to F.R.C.P. 38, plaintiff demands a jury trial on all issues triable to a jury.

## Background

A. **Policy U10024145L**

12. On March 21, 2006, American General issued Adjustable Life Insurance Policy No. U10024145L (the "145 Policy"), with a death benefit of five million dollars. The first premium on the 146 Policy was $383,069.26. The monthly premiums on the policy were $27,750.00. The policy also included a monthly expense charge for $9012.

13. The insured on the 145 Policy is Aurora Israel.

14. The owner of the 145 Policy is the Israel Family Life Insurance Trust (the "Trust"), dated March 9, 2006 with a Tax Identification Number of 206859899.

15. The original Trustee of the Trust was Esther Israel. On July 6, 2007, Esther Israel resigned as Trustee and appointed Menahem Perets as Successor Trustee.

16. Throughout the life of the 145 Policy, premium payors included Moise Swartz and Gemach Keren Hillel.

17. American General issued the 145 Policy on the basis of an application completed and executed by Aurora Israel on March 16, 2006.

18. Question 1 on Part A of the Life Insurance Application requested that defendant Aurora Israel set forth her income and net worth.

19. In response to Question 1, defendant Aurora Israel reported her personal income as "$1,000,000+" and her net worth as "$39,000,000."

20. Mayer Simon, Agent No. 63200L9052, an employee of Bisys Insurance Services, Inc., negotiated the life insurance contract between American General and Aurora Israel.

21. In connection with her insurance application, defendant Aurora Israel also submitted two letters to American General from defendant Marc Gelbtuch, a Certified Public Accountant and Consultant, representing that Aurora Israel's assets consist of $3,000,000 in CDs, stocks, bonds and cash, as well as commercial real estate worth $40,000,000.

22. The financial representations in the 145 Policy Application and CPA verification are false. Defendant Aurora Israel does not have an annual income of $1,000,000.00 and does not have a net worth of $39,000,000.

23. Defendant Aurora Israel filed for bankruptcy in the Southern District of New York in 1993 and again in 1997.

24. Defendant Aurora Israel does not own real estate worth $40,000,000. Rather, Ms. Israel owns one home in a neighborhood with a median home value of $272,800.

25. Had defendant Aurora Israel identified her actual net worth and income, American General would not have issued the policy.

**B.     The U10024146L Policy**

26. On March 21, 2006, American General issued Adjustable Life Insurance Policy No. U10024146L (the "146 Policy"), with a death benefit of five million dollars. The first premium on the 146 Policy was $383,069.26. The monthly premiums on the policy were $27,750.00. The policy also included a monthly expense charge for $9012.

27. The insured on the 146 Policy is Aurora Israel.

28. The owner of the 146 Policy is the Israel Family Life Insurance Trust (the "Trust"), dated March 9, 2006 with a Tax Identification Number of 206859899.

29. The original Trustee of the Trust was Esther Israel. On July 6, 2007, Esther Israel resigned as Trustee and appointed Menahem Perets as Successor Trustee.

30. Mayer Simon, Agent No. 63200L9052, an employee of Bisys Insurance Services, Inc., negotiated the life insurance contract between American General and Aurora Israel.

31. Throughout the life of the 146 Policy, premium payors included Moise Swartz and Gemach Keren Hillel.

32. American General issued the 146 Policy on the basis of an application completed and executed by Aurora Israel on March 16, 2006.

33. Question 1 on Part A of the Life Insurance Application requested that defendant Aurora Israel set forth her income and net worth.

34. In response to Question 1, defendant Aurora Israel reported her personal income as "$1,000,000+" and her net worth as "$39,000,000."

35. In connection with her insurance application, defendant Aurora Israel also submitted two letters to American General from defendant Marc Gelbtuch, a Certified Public Accountant and Consultant, representing that Aurora Israel's assets consist of $3,000,000 in CDs, stocks, bonds and cash, as well as commercial real estate worth $40,000,000.

36. The financial representations in the 145 Policy Application and CPA verification are false. Defendant Aurora Israel does not have an annual income of $1,000,000.00 and does not have a net worth of $39,000,000.

37. Defendant Aurora Israel filed for bankruptcy in the Southern District of New York in 1993 and again in 1997.

38. Defendant Aurora Israel does not own real estate worth $40,000,000. Rather, Ms. Israel owns one home in a neighborhood with a median home value of $272,800.

39.     Had defendant Aurora Israel identified her actual net worth and income, American General would not have issued the policy.

**C.     Health Status Misrepresentations**

40.     Upon information and belief and pending discovery, the application may have contained material misrepresentations or omissions regarding the health of the insured.

41.     Any material misrepresentations or omissions regarding the health of the insured on the application render the policy void from inception.

**D.     Contestability Period**

42.     The 145 and 146 Policies each contain a contest provision providing that misstatements in the application will not be used to contest payment of a death benefit after the policy has been in force during the Insured's lifetime for two years from the Issue Date.

43.     The Complaint was filed on March 21, 2008, prior to the expiration of the two-year contest period.

**Claim I**
**Rescission**

44.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

45.     Defendant Aurora Israel supplied false information on her insurance application.

46.     Defendant Aurora Israel failed to use reasonable care or competence in obtaining that information and/or validating that information.

47.     Plaintiffs relied on the information in the insurance applications.

48.     Plaintiffs were financially harmed by relying on the information regarding the existence of other life insurance policies.

49.     Plaintiffs were financial harmed by relying on the insurance applications when it otherwise would not have if there had been full disclosure on the insurance applications.

1930045.1

## Claim II
## Fraud/Misrepresentation

50.  Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

51.  By misrepresenting her net worth and income, defendants misrepresented material facts to the plaintiff.

52.  At the time defendant made the false representations on her insurance applications, she either knew or should have known that the representations were false.

53.  Defendant made the false representations on her insurance applications with the intention that plaintiffs would rely upon them.

54.  Plaintiff relied and acted on the false representations by issuing the 145 and 146 Policies when they otherwise would not have if there had been full disclosure on the insurance applications.

55.  Plaintiffs were harmed as a direct result of relying on the false representations in issuing the policies.

56.  Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, Bisys Insurance Services, Mayer Simon, the Trust and Marc Gelbtuch made false representations or omissions regarding the financial status of defendant Aurora Israel.

57.  Defendants intended for plaintiffs to rely on the false representations or omissions.

58.  Plaintiff relied on and acted on the false representations by issuing and maintaining the 145 and 146 Policies when it otherwise would not have if there had been full disclosure.

59. Plaintiffs were harmed as a direct result of the false representations and/or omissions.

## Claim III
### Negligent Misrepresentation

60. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

61. Defendant Aurora Israel supplied false information on her insurance application.

62. Defendant Aurora Israel failed to use reasonable care or competence in obtaining the information and/or validating that information.

63. Plaintiffs relied on the information in the insurance applications.

64. Plaintiffs were justified in relying on the information regarding net worth and income.

65. Plaintiffs were financially harmed by relying on the insurance applications by issuing the 145 and 146 Policies when they otherwise would not have if there had been full disclosure on the insurance applications.

66. Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, Bisys Insurance Services, Mayer Simon, the Trust and Marc Gelbtuch failed to use reasonable care with regard to reporting the financial status of defendant Aurora Israel to American General.

67. Plaintiff relied on and acted on the false information by issuing and maintaining the 145 and 146 Policies when it otherwise would not have if there had been full disclosure.

68. Plaintiffs were harmed as a direct result of the false representations and/or omissions.

## Claim IV
### Breach of Duty of Good Faith and Fair Dealing

69. Plaintiffs reallege and incorporate by reference the preceding paragraphs.

8

1930045.1

70. Defendant Aurora Israel had a duty to act in good faith when completing the insurance applications for the American General policies.

71. Defendant Aurora Israel breached her duty to act in good faith by including material misrepresentations and/or omissions on the application for the American General policies.

72. Plaintiffs have been damaged by defendant Aurora Israel's breach.

73. Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, Bisys Insurance Services, Mayer Simon, the Trust and Marc Gelbtuch had a duty to act in good faith with regard to their involvement in the procurement and maintenance of the American General policies.

74. Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, Bisys Insurance Services, Mayer Simon, the Trust and Marc Gelbtuch breached their duty to act in good faith with regard to their involvement in the procurement and maintenance of the American General Policies.

75. Plaintiffs have been damaged by defendants' breach.

### Claim V
### Mutual Mistake of Material Fact
### (Plead in the Alternative)

76. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

77. Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, Bisys Insurance Services, Mayer Simon and Marc Gelbtuch were unaware of the misrepresentations on Aurora Israel's Applications for Life Insurance.

1930045.1

78. Plaintiffs, in justifiably relying on insurance information and other documentation provided by the defendants, mistakenly believed the representations of net worth and income on Aurora Israel's Applications for Life Insurance.

79. Thus plaintiffs and defendants were under the same erroneous belief regarding Aurora Israel's financial status.

80. Aurora Israel's financial status is a material fact affecting formation of the insurance contract and issuance of the American General Policies.

81. This mutual mistake of fact operates to void the policies.

### **Prayer for Relief**

WHEREFORE, plaintiff American General Life Insurance Company prays for judgment of the Court against Defendant for the following relief:

1. Rescission of American General Policies 145 and 146;

2. Damages in an amount over $75,000; and/or

3. A declaration that American General Policies 145 and 146 are void, and

4. All reasonable fees and costs incurred in the bringing of this lawsuit, and

5. Any other relief as the Court may deem just and equitable.

Dated: March 21, 2008
White Plains, New York

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP,

By: _____
Michelle M. Arbitrio, Esq. (MA 2137)
Attorneys for Plaintiff
American General Life Insurance Company
3 Gannett Drive
White Plains, New York 10604
Tel. 914.323.7000 Ext. 4088
Fax. 914.323.7001
Email: michelle.arbitrio@wilsonelser.com