RECEIVED

MAY 0 2 2008

USDC-WP-SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

AMERICAN GENERAL LIFE INSURANCE
COMPANY,

                                Plaintiff,

            -against-

AURORA ISRAEL, THE ISRAEL FAMILY LIFE
INSURANCE TRUST, ESTHER ISRAEL, Individually and
as Original Trustee for THE ISRAEL FAMILY LIFE INSURANCE
TRUST, MENAHEM PERETS, Individually and as Successor
Trustee for THE ISRAEL FAMILY LIFE INSURANCE TRUST,
MARC GELBTUCH, MOISE SWARTZ, and GEMACH KEREN
HILLEL,

                             Defendants.
-----------------------------------------------------------------------x

**Amended
Complaint**

**Jury Trial
Requested**

Civil Action No.:
08-CV-2971
(KMK)(MDF)

## AMERICAN GENERAL LIFE INSURANCE COMPANY'S ORIGINAL COMPLAINT

Plaintiff American General Life Insurance Company ("American General"), for its complaint against Defendants Aurora Israel, the Israel Family Life Insurance Trust, Esther Israel, Individually and as Original Trustee for The Israel Family Life Insurance Trust, Mark Gelbtuch, Moise Swartz and Gemach Keren Hillel, states and alleges as follows:

### The Parties

1.     Plaintiff, American General Life Insurance Company ("American General"), is a Texas corporation with its principal place of business at 2727-A Allen Parkway, Houston, Texas, 77019.

2.     On information and belief, defendant Aurora Israel is a New York domiciliary with a residence address of 5 Edwin Lane, Monsey, New York 10952.

1935967.1

3.      On information and belief, defendants Esther Israel and Moise Swartz are New Jersey domiciliaries with a residence address of 3725 Tonnelle Avenue, North Bergen, NJ 07047.

4.      On information and belief, defendant Menahem Perets is a New York domiciliary with a residence address of 1140 50th Street, Brooklyn, NY 11219.

5.      On information and belief, defendant Marc Gelbtuch is a New York domiciliary with a residence address at 2115 59th Street, Brooklyn, New York 11204.

6.      On information and belief, defendant Gemach Keren Hillel is a New York domiciliary with a post office box at PO Box 719, Monroe, New York 10950.

## Jurisdiction and Venue

7.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because (a) plaintiffs and defendants are completely diverse as plaintiffs are citizens of the State of Texas and defendants are citizens of the States of New York and New Jersey; and (b) the amount in controversy is greater than $75,000.

8.      Venue is proper in this court under 28 U.S.C. § 1391(a) because defendants reside in this judicial district and/or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## Jury Trial

9.      Pursuant to F.R.C.P. 38, plaintiff demands a jury trial on all issues triable to a jury.

## Background

A.      **Policy U10024145L**

10.      On March 21, 2006, American General issued Adjustable Life Insurance Policy No. U10024145L (the "145 Policy"), with a death benefit of five million dollars. The first

2

premium on the 146 Policy was $383,069.26. The monthly premiums on the policy were $27,750.00.

11.    The insured on the 145 Policy is Aurora Israel.

12.    The owner of the 145 Policy is the Israel Family Life Insurance Trust (the "Trust"), dated March 9, 2006 with a Tax Identification Number of 206859899.

13.    The original Trustee of the Trust was Esther Israel. On July 6, 2007, Esther Israel resigned as Trustee and appointed Menahem Perets as Successor Trustee.

14.    Throughout the life of the 145 Policy, premium payors included Moise Swartz and Gemach Keren Hillel.

15.    American General issued the 145 Policy on the basis of an application completed and executed by Aurora Israel on March 16, 2006.

16.    Question 1 on Part A of the Life Insurance Application requested that defendant Aurora Israel set forth her income and net worth.

17.    In response to Question 1, defendant Aurora Israel reported her personal income as "$1,000,000+" and her net worth as "$39,000,000."

18.    In connection with her insurance application, defendant Aurora Israel also submitted two letters to American General from defendant Marc Gelbtuch, a Certified Public Accountant and Consultant, representing that Aurora Israel's assets consist of $3,000,000 in CDs, stocks, bonds and cash, as well as commercial real estate worth $40,000,000.

19.    On information and belief, the financial representations in the 145 Policy Application and CPA verification are false. On information and belief, defendant Aurora Israel does not have an annual income of $1,000,000.00 and does not have a net worth of $39,000,000.

3

20.    Defendant Aurora Israel filed for bankruptcy in the Southern District of New York in 1993 and again in 1997.

21.    On information and belief, defendant Aurora Israel does not own real estate worth $40,000,000.

22.    Ms. Israel owns one home in a neighborhood with a median home value of $272,800.

23.    Had defendant Aurora Israel identified her actual net worth and income, American General would not have issued the policy.

**B.    The U10024146L Policy**

24.    On March 21, 2006, American General issued Adjustable Life Insurance Policy No. U10024146L (the "146 Policy"), with a death benefit of five million dollars. The first premium on the 146 Policy was $383,069.26. The monthly premiums on the policy were $27,750.00.

25.    The insured on the 146 Policy is Aurora Israel.

26.    The owner of the 146 Policy is the Israel Family Life Insurance Trust (the "Trust"), dated March 9, 2006 with a Tax Identification Number of 206859899.

27.    The original Trustee of the Trust was Esther Israel. On July 6, 2007, Esther Israel resigned as Trustee and appointed Menahem Perets as Successor Trustee.

28.    Throughout the life of the 146 Policy, premium payors included Moise Swartz and Gemach Keren Hillel.

29.    American General issued the 146 Policy on the basis of an application completed and executed by Aurora Israel on March 16, 2006.

4

1935967.1

30.    Question 1 on Part A of the Life Insurance Application requested that defendant Aurora Israel set forth her income and net worth.

31.    In response to Question 1, defendant Aurora Israel reported her personal income as "$1,000,000+" and her net worth as "$39,000,000."

32.    In connection with her insurance application, defendant Aurora Israel also submitted two letters to American General from defendant Marc Gelbtuch, a Certified Public Accountant and Consultant, representing that Aurora Israel's assets consist of $3,000,000 in CDs, stocks, bonds and cash, as well as commercial real estate worth $40,000,000.

33.    On information and belief, the financial representations in the 145 Policy Application and CPA verification are false. On information and belief, defendant Aurora Israel does not have an annual income of $1,000,000.00 and does not have a net worth of $39,000,000.

34.    Defendant Aurora Israel filed for bankruptcy in the Southern District of New York in 1993 and again in 1997.

35.    On information and belief, defendant Aurora Israel does not own real estate worth $40,000,000. Rather, Ms. Israel owns one home in a neighborhood with a median home value of $272,800.

36.    Had defendant Aurora Israel identified her actual net worth and income, American General would not have issued the policy.

C.    **Health Status Misrepresentations**

37.    Upon information and belief and pending discovery, the application may have contained material misrepresentations or omissions regarding the health of the insured.

38.    Any material misrepresentations or omissions regarding the health of the insured on the application render the policy void from inception.

5

**D.    Additional Coverage**

39.    Upon information and belief, Aurora Israel failed to disclose ownership of additional life insurance coverage.

40.    Upon information and belief, Aurora Israel's failure to disclose ownership of additional life insurance coverage was material.

41.    Upon information and belief, if Aurora Israel had disclosed ownership of additional life insurance coverage as requested on the applications for insurance, American General would not have issued the 145 and 146 policies.

**E.    Contestability Period**

42.    The 145 and 146 Policies each contain a contest provision providing that misstatements in the application will not be used to contest payment of a death benefit after the policy has been in force during the Insured's lifetime for two years from the Issue Date.

43.    The Complaint was filed on March 21, 2008, prior to the expiration of the two-year contest period.

**Claim I**
**Rescission**

44.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

45.    Defendant Aurora Israel supplied false information on her insurance application.

46.    Defendant Aurora Israel failed to use reasonable care or competence in obtaining that information and/or validating that information.

47.    Plaintiffs relied on the information in the insurance applications.

48.    Plaintiffs were financially harmed by relying on the information regarding the existence of other life insurance policies.

1935967.1

49.    Plaintiffs were financial harmed by relying on the insurance applications when it otherwise would not have if there had been full disclosure on the insurance applications.

## Claim II
## Fraud/Misrepresentation

50.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

51.    By misrepresenting her net worth and income, defendants misrepresented material facts to the plaintiff.

52.    At the time defendant made the false representations on her insurance applications, she either knew or should have known that the representations were false.

53.    Defendant made the false representations on her insurance applications with the intention that plaintiffs would rely upon them.

54.    Plaintiff relied and acted on the false representations by issuing the 145 and 146 Policies when they otherwise would not have if there had been full disclosure on the insurance applications.

55.    Plaintiffs were harmed as a direct result of relying on the false representations in issuing the policies.

56.    Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, the Trust and Marc Gelbtuch made false representations or omissions regarding the financial status of defendant Aurora Israel.

57.    Defendants intended for plaintiffs to rely on the false representations or omissions.

58.    Plaintiff relied on and acted on the false representations by issuing and maintaining the 145 and 146 Policies when it otherwise would not have if there had been full disclosure.

7

59.    Plaintiffs were harmed as a direct result of the false representations and/or omissions.

## Claim III
## Negligent Misrepresentation

60.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

61.    Defendant Aurora Israel supplied false information on her insurance application.

62.    Defendant Aurora Israel failed to use reasonable care or competence in obtaining the information and/or validating that information.

63.    Plaintiffs relied on the information in the insurance applications.

64.    Plaintiffs were justified in relying on the information regarding net worth and income.

65.    Plaintiffs were financially harmed by relying on the insurance applications by issuing the 145 and 146 Policies when they otherwise would not have if there had been full disclosure on the insurance applications.

66.    Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, the Trust and Marc Gelbtuch failed to use reasonable care with regard to reporting the financial status of defendant Aurora Israel to American General.

67.    Plaintiff relied on and acted on the false information by issuing and maintaining the 145 and 146 Policies when it otherwise would not have if there had been full disclosure.

68.    Plaintiffs were harmed as a direct result of the false representations and/or omissions.

## Claim IV
## Breach of Duty of Good Faith and Fair Dealing

69.    Plaintiffs reallege and incorporate by reference the preceding paragraphs.

8

1935967.1

70.    Defendant Aurora Israel had a duty to act in good faith when completing the insurance applications for the American General policies.

71.    Defendant Aurora Israel breached her duty to act in good faith by including material misrepresentations and/or omissions on the application for the American General policies.

72.    Plaintiffs have been damaged by defendant Aurora Israel's breach.

73.    Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, the Trust and Marc Gelbtuch had a duty to act in good faith with regard to their involvement in the procurement and maintenance of the American General policies.

74.    Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, the Trust and Marc Gelbtuch breached their duty to act in good faith with regard to their involvement in the procurement and maintenance of the American General Policies.

75.    Plaintiffs have been damaged by defendants' breach.

## Claim V
## Mutual Mistake of Material Fact
## (Plead in the Alternative)

76.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

77.    Defendants Esther Israel, Moise Swartz, Gemach Keren Hillel, Menahem Perets, and Marc Gelbtuch were unaware of the misrepresentations on Aurora Israel's Applications for Life Insurance.

78.    Plaintiffs, in justifiably relying on insurance information and other documentation provided by the defendants, mistakenly believed the representations of net worth and income on Aurora Israel's Applications for Life Insurance.

9

1935967.1

79.    Thus plaintiffs and defendants were under the same erroneous belief regarding Aurora Israel's financial status.

80.    Aurora Israel's financial status is a material fact affecting formation of the insurance contract and issuance of the American General Policies.

81.    This mutual mistake of fact operates to void the policies.

**Count VI**
**Declaratory Judgment**

82.    An actual controversy exists between the parties as to whether the 145 and 146 Policies were void *ab initio*. American General contends that the policies were void *ab initio* because of the material misrepresentations of the facts on the application as to Aurora Israel's financial status, medical history, health condition and insurance ownership. These omissions constitute a failure of condition precedent for coverage under the policies. Moreover, these material misrepresentations, upon which American General relied, are grounds for rescission of the policies under New York law.

83.    A declaratory judgment regarding whether the 145 and 146 policies were void *ab initio* would resolve the controversy between the parties.

84.    American General is entitled to a judicial declaration stating (a) that the policies did not take effect because of the failure of a condition precedent to coverage under the policies; or (b) that the policies were void *ab initio* as a result of the material misrepresentations on the application upon which American General relied.

**Count VII**
**Interpleader**

85.    If American General is entitled to rescind the policies, a full refund of all premium payments must be made.

86.     Since the file shows multiple premium payors, American General is now in the position of addressing potentially conflicting claims by competing claimants for the refund of premiums.  Upon information and belief, defendant stakeholders Moise Schwartz and Gemach Keren Hillel may be entitled to portions of the refund of premiums from both policies. Accordingly, in order to protect against multiple and inconsistent claims from defendants as well as exposure to double or multiple liability, American General respectfully files this Interpleader Action under Fed. R. Civ. P. 22.

87.     American General has in its possession all premiums paid, plus interest, under the 145 Policy.

88.     American General has in its possession all premiums paid, plus interest, under the 146 Policy.

89.     American General is obligated to disburse these funds to the appropriate party because it is entitled to rescission of the policies.

90.     American General is unsure which party is entitled to the premium refunds.

91.     American General may be subject to multiple liability by conflicting claimants without further order of this Court.

92.     American General is a mere stakeholder and has no interest in the premium refunds from the policies.  American General is ready, willing and able to pay the premium refunds plus the appropriate amount of interest.

93.     Concurrently with the filing of this Amended Complaint, American General will file a motion requesting that it be allowed to deposit into the Registry of the Court the full amount of the premium refunds, plus an appropriate amount of interest, under the polices and to abide by the judgment of this Court with regard to the disbursement of these funds.

## Prayer for Relief

WHEREFORE, plaintiff American General Life Insurance Company prays for judgment

of the Court against Defendant for the following relief:

1.    Rescission of American General Policies 145 and 146;

2.    Damages in an amount over $75,000; and/or

3.    A declaration that American General Policies 145 and 146 are void, and

4.    An order that defendants answer this Complaint for interpleader and litigate or

settle among themselves their rights and claims to the premium refund from both policies; and

5.    An order discharging American General from all further liability relating to the

refunds of premiums from both policies; and

6.    All reasonable fees and costs incurred in the bringing of this lawsuit, and

7.    Any other relief as the Court may deem just and equitable.

Dated: May 2, 2008
        White Plains, New York

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP,

            By:_____MMArbitrio_____

                    Michelle M. Arbitrio, Esq. (MA 2137)
                    Attorneys for Plaintiff
                    American General Life Insurance Company
                    3 Gannett Drive
                    White Plains, New York 10604
                    Tel. 914.323.7000 Ext. 4088
                    Fax. 914.323.7001
                    Email: michelle.arbitrio@wilsonelser.com

1935967.1

## **Certification of Service**

I hereby certify that on May 2, 2008, the plaintiff's Amended Complaint was filed on the ECF system for the Southern District of New York, and served on the following parties by overnight mail:

Aurora Israel
5 Edwin Lane
Monsey, NY 10952

Esther Israel
3725 Tonnelle Avenue
North Bergen, NJ 07047

Menahem Perets
1140 50th Street
Brooklyn, NY 11219

Marc Gelbtuch
2115 59th Street
Brooklyn, NY 11204

Moise Schwartz
3725 Tonnelle Avenue
North Bergen, NJ 07047

Gemach Keren Hillel
PO Box 719
Monroe, NY 10950

The Israel Family Life Insurance Trust
c/o Menahem Perets, Trustee
1140 50th Street
Brooklyn, NY 11219

_____
Michelle M. Arbitrio (MA 2137)

1935967.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK                )
                                 )SS :
COUNTY OF WESTCHESTER            )


UNDINE MASSIAH, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

On the 2nd day of May, 2008, deponent served the within

## AMENDED COMPLAINT

Upon:

Aurora Israel
5 Edwin Lane
Monsey, NY 10952

Esther Israel
3725 Tonnelle Avenue
North Bergen, NJ 07047

Menahem Perets
1140 50th Street
Brooklyn, NY 11219

Marc Gelbtuch
2115 59th Street
Brooklyn, NY 11204

Moise Schwartz
3725 Tonnelle Avenue
North Bergen, NJ 07047

Gemach Keren Hillel
PO Box 719
Monroe, NY 10950

The Israel Family Life Insurance Trust
c/o Menahem Perets, Trustee
1140 50th Street
Brooklyn, NY 11219

1976464.1

a copy of the foregoing which was filed electronically and served to the address(es) designated by said attorney(s) for that purpose in a sealed Federal Express envelope, by depositing a true copy thereof enclosed in a postpaid **Federal Express Priority Overnight (Next Business Morning) Overnight** wrapper, in an official depository under the exclusive care and custody of Federal Express within the State of New York on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

UNDINE MASSIAH

Sworn to before me this
2nd day of May, 2008

Notary Public

**MAURA LOOBY**
Notary Public, State of New York
No. 01L04921163
Qualified in Putnam County
Commission Expires May 31, 2010

1976464.1